Welch, J.
I.INTRODUCTION
This case necessitates the application of a recent United States Supreme Court decision interpreting the scope of the venerable federal civil rights statute, 42 U.S.C., §1983. It also requires the extension of that decision to the Massachusetts Civil Rights Act, M.G.L.c. 12, §111.
II.THE ALLEGATIONS AND FACTUAL SETTING
The plaintiff, a pro se litigant, has filed a civil complaint naming as defendants the Salisbury Police Department, three Salisbury police officers (Keith Lutes, Ann Champagne and Harry Barth), and various private individuals not associated with the Salisbury Police Department. The complaint, to put it mildly, is inartfully drafted. Although the allegations in a pro se complaint, particularly one that apparently alleges serious violations of the plaintiffs constitutional rights, are to be construed in the light most favorable to the pro se litigant, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the present complaint and the amended complaint are nearly indecipherable.
After a hearing on this matter, further light was shed on the plaintiffs claims. The plaintiff was tried and convicted in the courts of Massachusetts on charges of child abuse. The conviction dates from 1990. The defendant was sentenced to a thirty-day period of imprisonment on this felony charge, to be followed by two years of probation. The defendant has completed his sentence. The defendant’s conviction has never been reversed, no new trial has ever been granted (it is unclear whether the plaintiff ever moved for such relief), and the plaintiff has never been pardoned for this crime. The plaintiffs civil complaint relates exclusively to this prior criminal conviction. The plaintiff argues vigorously that he was wrongly convicted due to a conspiracy by various members of the Salisbury Police Department to withhold exculpatory evidence relating to the criminal charges of child abuse. The plaintiff claims that the victim of the child abuse later recanted her allegation of abuse and that that recantation was never provided to him or to his defense counsel. This critically important piece of exculpatory evidence, he argues, would have resulted in the jury finding him not guilty or the reversal of his conviction.
Combining the plaintiffs pro se complaint with his amended complaint, the following allegations can be deciphered. The plaintiff claims that his initial arrest (and apparently his later conviction) was illegal because defendant Keith Lutes, a police officer for the Salisbury Police Department, knew of this exculpatory information and was pressured by the unknown persons within the Salisbury Police Department not to disclose the exculpatory information. Police Officer Ann Champagne is named as a defendant because she was the Salisbury Police officer who actually arrested the plaintiff (other than Officer Champagne’s arrest of the plaintiff on what he terms a “a trumped-up charge,” he does not allege that she knew of or was aware of the exculpatory information). In addition, the defendant names Police Officer Harry Barth who is termed the “superior" of police officer Keith Lutes. Apparently Officer Barth also knew of the exculpatory information and did not provide this information to the District Attorney or to the plaintiff or his attorney. The plaintiff also names a variety of individuals who are not associated with the Salisbury Police Department such Pamela Lutes (the wife of Officer Keith Lutes), a Tara Quinlan, a Nora Hamlin and a Judith Jarvis.
The plaintiffs complaint and amended complaint do not identify any particular cause of action although there is a vague reference to a denial of the plaintiffs constitutional rights and an apparent reference to M.R.Cr.P. Rule 30(b) (provision for a new trial). One could generously construe this complaint as one alleging a violation of 42 U.S. §1983 and the Massachusetts Civil Rights Act, G.L.c. 12, §111. There is even some indication of a “tort claim” and therefore, perhaps, the plaintiff has asserted a claim under the Massachusetts Tort Claims Act, G.L.c. 258. After hearing, this Court concludes that the motions to dismiss must be granted as to all of these claims and as to all of the defendants.
III.DISCUSSION
The plaintiffs complaint cannot pass the hurdle constructed by the Supreme Court in the recent case of Heck v. Humphrey, 114 S.Ct. 2364, 2372-73 (1994). The majority of the United States Supreme Court determined that Section 1983 does not provide a cause of action for a litigant to “recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . [unless] the conviction or sentence has been reversed under a direct appeal, expunged by executive order, *256 declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court’s issuance of a writ of habeas corpus, 28 U.S.C. §2254.” Id. at 2372. In Heck, the Supreme court analyzed the issue not as a habeas corpus exhaustion requirement but rather whether the plaintiff stated a cognizable claim under Section 1983. Thus, the Heck rule applies whether the litigant is still serving his or her sentence (and thus would have the option of a petition for a writ of habeas corpus) or whether the litigant has completed service of his or her criminal sentence. Id. at 2374, n.10.
The holding of Heck v. Humphrey bars the present Section 1983 in Massachusetts Civil Rights claims. The entire focus of the plaintiffs complaint is indeed to “call into question the lawfulness of conviction or confinement.” Id. at 2370. The alleged knowing use of peijured testimony and knowing withholding of critically exculpatory material is exactly the type of conduct that would make a conviction unlawful. See United States v. Bagley, 473 U.S. 667, 682 (1985) (withholding impeachment material); Giglio v. United States, 405 U.S. 150, 153 (1972) (conviction may be reversed by knowingly using peijured testimony or knowingly withholding exculpatory information). Indeed, the plaintiffs complaint reads somewhat akin to a motion for a new trial and even cites M.R.Cr.P. Rule 30(b). In these circumstances, the Supreme Court has determined that there is no cognizable claim under Section 1983.
The Massachusetts Civil Rights Act is interpreted by giving considerable deference to federal interpretations of Section 1983. Thus, Section 1983 often defines the contours of the state Civil Rights Act. See Duarte v. Healy, 405 Mass. 32, 47 (1989); Bell v. Mazza, 394 Mass. 176, 181 (1985). Given the strong policy against collateral attack of a criminal conviction, the importance of finality in criminal judgments, and the various avenues which remain open to a plaintiff who seeks a new trial or reversal or expungement of his criminal conviction, I conclude that the Massachusetts Civil Rights Acts adopt a limitation similar to that announced in Heck v. Humphrey.
Regardless of the Heck v. Humphrey holding, the plaintiff still fails to state a civil rights claim as to various of the defendants. The defendant claims that various of the individuals who were not employed by the Salisbury Police Department knew the exculpatory information. Even assuming that to be true, a private citizen has no obligation to provide such exculpatory information. Furthermore, for purposes of Section 1983, the defendant makes no allegations that these private individuals conspired in such a way with state actors to make their actions those of the state. In addition, the police department itself is an improper defendant in that the plaintiff does not adequately allege that this ciiy department engaged in some sort of custom or practice in violation of his federal constitutional rights. See Monnel v. Department of Social Services, 436 U.S. 658, 690 (1978).
If the complaint is construed to allege a violation of the Massachusetts Tort Claims Act, that claim must also be dismissed. The defendant did not make the required presentment in writing within two years of the date in which his cause of action arose. See M.G.L.c. 258, §4. The plaintiff claims to have discovered the wrongdoing in December of 1992. No adequate written presentment has been made and, accordingly, the two-year period has expired. See Vasys v. Metropolitan District Commission, 387 Mass. 51, 56 (1982). Equally important is the fact that the plaintiff does not allege a cognizable tort under the Massachusetts Tort Claims Act. If the plaintiff is alleging the tort of malicious prosecution (the tort that comes most to mind) the plaintiff must claim as the essential element the termination of the prior criminal proceeding in favor of the accused. See Hubbard v. Beatty & Hyde, Inc., 343 Mass. 258 (1961). See also Perlin, Proof of cases §23:2. In this case, the defendant cannot establish that essential element in that the criminal proceeding resulted in his conviction. Likewise, an arrest or confinement warranted by law cannot constitute the tort of false imprisonment or false arrest. The plaintiff has failed to allege that the arrest warrant or later conviction were not valid. See, Perlin supra at §17:7. Therefore, the plaintiff presents no cognizable claim under Massachusetts Tort Claims Act.
In light of the above, the motions to dismiss must be granted and this case is DISMISSED.