JOHN T. O'CONNOR, JR. *vs.* CIVIL SERVICE COMMISSION & another.[1] No. 94-P-520. July 7, 1995. *Civil Service*, Decision of Civil Service Commission, Police, Termination of employment, Leave of absence. *Police*, Discharge. *Public Employment*, Police, Termination.

The plaintiff filed an action in the Superior Court seeking review of a decision of the Civil Service Commission upholding the Boston police department's refusal to reinstate the plaintiff to his civil service position after he failed to obtain written approval of his request for a leave of absence under G. L. c. 31, § 37. On the parties' cross motions for summary judgment, the Superior Court judge affirmed the commission's decision on the

---

[1]Police commissioner of Boston.

ground that the provisions of G. L. c. 31, § 37, require that a grant of a leave of absence must be in writing.[2] We affirm.

We summarize the undisputed facts. The plaintiff was appointed to a permanent civil service position in the Boston police department in 1982. The plaintiff submitted a written request to the department for a leave of absence on June 6, 1986, to take effect on that date, in order to accept a position as a Boston police officer. The plaintiff was required to serve a one-year probationary period as a police officer before his appointment would become permanent. The department never gave written or oral approval of the plaintiff's request for a leave of absence but took no action to terminate the plaintiff when he ceased to report to work after June 6, 1986. On October 6, 1986, the plaintiff was terminated by the department as a police officer. On July 7, 1987, he made an oral request to the department for return to his civil service position. The department refused to reinstate him.

On appeal, the plaintiff argues that § 37 must be construed liberally to protect the civil servants' rights to their public employment. *Breault* v. *Chairman of the Bd. of Fire Commrs.*, 401 Mass. 26, 33 (1987). Accordingly, the plaintiff asserts that the Legislature did not intend to condition the effectiveness of a leave of absence upon receipt of a written grant. We disagree.

The clear and unambiguous language of the statute provides that the grant of a leave of absence by an appointing authority to a permanent civil service employee shall be in writing. It is well settled that where the language of a statute is clear and unambiguous, we do not look beyond that language to interpret it. *Pobieglo* v. *Monsanto Co.*, 402 Mass. 112, 116 (1988).

Here, the commission has construed the statute to require a written grant. Although the commission's interpretation is not controlling, it is entitled to deference. *Massachusetts Med. Soc.* v. *Commissioner of Ins.*, 402 Mass. 44, 62 (1988). The commission's interpretation is consistent with the clear statutory language and is in accord with the protection of civil servants' rights to their public employment, for written approval is obviously essential to insuring that the status and rights of all permanent employees may be readily ascertained.

*Judgment affirmed.*

*James F. Lamond* for the plaintiff.

*Susan M. Prosnitz*, Special Assistant Corporation Counsel, for the Police Commissioner of Boston.

---

[2]General Laws c. 31, § 37, as appearing in St. 1978, c. 393, § 11, provides in pertinent part as follows: "An appointing authority may grant a permanent employee a leave of absence or an extension of a leave of absence; provided that any grant for a period longer than fourteen days shall be given only upon written request filed with the appointing authority by such person, or by another authorized to request such leave on his behalf, and shall be in writing."