Toomey, J.
INTRODUCTION
The plaintiff, Charles Lane filed this suit pursuant to G.L.c. 30A, §14 seeking judicial review of a decision by the Contributory Retirement Appeal Board (“CRAB”) finding that he was not eligible for superannuated retirement benefits under G.L.c. 32, §§28M and 28N. The plaintiff contends that CRAB’s decision is erroneous as a matter of law and unsupported by substantial evidence.
This matter is before the court on the defendants, State Retirement Board and Contributory Retirement Appeal Board’s motion for judgment on the pleadings pursuant to Mass.R.Civ. 12(c). All parties filed memo-randa of law and the court heard argument on March 15, 1996. For the following reasons, the defendants’ motion is ALLOWED.
FACTUAL AND PROCEDURAL BACKGROUND
The plaintiff, Charles Lane was employed as a correction officer with the Worcester County Sheriffs Department from January 1, 1972 through December 31, 1979. As a correction officer, he was responsible for the care and custody of inmates incarcerated at the Worcester County House of Correction. Upon leaving the Worcester County Sheriffs Department, the plaintiff withdrew his retirement deductions.
In May of 1982, the plaintiff began working as a correction officer with the Massachusetts Department of Correction, where he was responsible for the care and custody of inmates at the North Central Correctional Institute in Gardner. When he began this job, the plaintiff bought back his creditable service with the Worcester County Sheriffs Department.
By letter dated September 24, 1993, the plaintiff asked the State Retirement Board (the “Board”) whether he would be eligible to receive the superannuated retirement benefit under G.L.c. 32, §28M upon his retirement in May 1994. G.L.c. 32, §28M provides in relevant part;
Notwithstanding the provisions of sections one to twenty-eight, inclusive, to the contrary, any employee of the department of correction, classified under Group 4, whose major responsibilities include the care and custody of prisoners ... who has performed services in the department of correction for not less than twenty years shall, at his own request, be retired by said retirement board. Upon retirement under the provisions of this section a member shall receive a retirement allowance to become effective on the date of his retirement. Payments under such allowance shall... be equal to one-half of the annual average rate of his regular compensations . . .
In a letter dated September 29, 1993, the Board stated that in order to qualify for this retirement benefit “all service as a Correction Officer shall be incurred in the State system.” On October 18, 1993 the plaintiff appealed the Board’s decision to the Contributory Retirement Appeal Board (“CRAB”).
On December 13, 1994 an administrative magistrate of the Division of Administrative Law Appeals heard the appeal. The letters between the plaintiff and the Board were taken into evidence, but there was no testimony.
On January 12,1995 the hearing officer found that the Board “correctly determined that [the plaintiff] was not eligible [for benefits under §28M] because all of his *189 service as a Correction Officer was not in the State system.” However, she reversed the Board’s decision. Relying on G.L.c. 32, §28N which was enacted in 1994 and provides a superannuated retirement benefit equal to 50% of the employee’s most recent annual salary to “any correction or jail officer employed by county sheriffs’ offices who has performed services in said office for not less than twenty years,” she reasoned that §§28M and 28N, when read together, demonstrated the Legislature’s clear intent to allow all corrections officers, who have served for at least twenty years in both a county sheriffs office and the Department of Corrections, to receive the retirement benefits. Accordingly, she found that the plaintiffs twelve years in the Department of Correction and eight years in the Worcester County Sheriffs office constituted an aggregate of twenty years of service, entitling him to the benefits.
On January 20,1995, CRAB gave notice of its intent to review the hearing officer’s decision. By decision dated May 30, 1995, CRAB affirmed the Board’s decision after concluding that the “Board was correct in denying him the superannuation benefit available under G.L.c. 32, §28M, because the section limited the retirement benefits to persons who had performed the requisite "services in the department of correction for not less than twenty years." Additionally, CRAB found that “[n]othing in either [§§28M or 28N] allows for the combination of creditable service in order to become eligible for the benefit [that] either section authorizes.”
The plaintiff then filed this appeal under G.L.c. 30A, §14 contending that CRAB’s decision was erroneous as a matter of law and unsupported by substantial evidence.
STANDARD OF REVIEW
Mass.R.Civ.R 12(c) provides that “(a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.” In considering a Rule 12(c) Motion “all of the well pleaded factual allegations in the adversary’s pleadings are assumed to be true and all contravening assertions in the movant’s pleadings are taken to be false.” Sampson v. Lynn, 405 Mass. 29, 30 (1989) (quoting Minaya v. Massachusetts Credit Union Share Ins. Corp., 392 Mass. 904, 905 (1984)). The effect of such a motion is to “challenge the legal sufficiency of the complaint.” Burlington v. District Attorney for N. Dist., 381 Mass. 717, 717-18 (1980); Sampson, supra at 30; Wilson v. Commonwealth, 31 Mass.App.Ct. 757, 763 (1992), aff'd 413 Mass. 352. When a defendant moves for judgment on the pleadings, it is, in effect, a Mass.R.Civ.R 12(b)(6) Motion to Dismiss because the defendant is asserting that the complaint fails to state a claim for which relief can be granted. James. W. Smith & Hiller B. Zobel, Rules Practice, Mass. Prac., §12.16 at 305 (1977).
When evaluating the sufficiency of a complaint pursuant to Rule 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) and cases cited. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977) (quoting Conely v. Gitison, 355 U.S. 41, 45-46 (1957)); Whitinsville Plaza Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
DISCUSSION
The parly appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds. 27 Mass.App.Ct. 470, 474 (1989); Faith Assemble of God v. State Bldg. Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981) (citing Almeida Bus Lines, Inc. v. Department of Pub. Utils., 348 Mass. 331, 342 (1965)). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988); Quincy City Hosp. v. Labor Relations Comm’n, 400 Mass. 745, 748-49 (1987). The reviewing court may not substitute its judgment on the merits for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982) (citing Olde Towne Liquor Store, Inc. v. Alcoholic Beverages Control Comm’n, 372 Mass. 152, 154 (1977). A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Bd. of Appeals of Wellesley v. Housing Appeals Comm’n, 385 Mass. 651, 657 (1982). “(T]he findings and decision of the [agency] are to be sustained wherever possible and . . . they are not to be reversed unless they are wholly lacking in evidentiary support or are tainted by errors of law.” Sweeney’s Case, 3 Mass.App.Ct. 284, 286-87 (1975). The issue before this court involves the statutory construction of G.L.c. 32, §28M which states in pertinent part:
[A]ny employee of the department of correction, classified under Group 4, whose major responsibilities include the care and custody of prisoners . . . who has performed services in the department of correctionfor not less than twenty years shall, at his own request, be retired by said retirement board. Upon retirement under the provisions of this section a member shall receive a retirement allowance to become effective on the date of his retirement. Payments under such allowance shall... be equal to one-half of the annual average rate of his regular compensations during the twelve-month period of *190 his creditable service immediately preceding the date his retirement allowance becomes effective . ..
(emphasis added).
The “Error of Law” Argument.
The plaintiff argues that CRAB’s decision— that he was ineligible for superannuated retirement benefits— was erroneous as a matter of law because it failed to construe G.L.c. 32 as a whole. Specifically, the plaintiff contends that, under G.L.c. 32, §3(8)(b),[2] he is entitled to combine the years of creditable service he accumulated working at the Worcester County Sherrifs Department with his years at the Massachusetts Department of Correction for the purposes of determining his retirement benefits under G.L.c. 32, §28M. The argument is not persuasive.
The clear and unambiguous language of G.L.c. 32, §32M provides that an employee, who has worked in the department of correction for at least twenty years, will be entitled to superannuated retirement benefits. CRAB has construed the statute to require that the necessary twenty years of service be exclusively with the State department of correction and not, in whole or in part, with some other governmental unit. CRAB’s interpretation is both consistent with the unmistakable statutory language and in accord with the policy of preserving the conceptual independence of Commonwealth and county retirement systems. See O'Connor v. County of Bristol, 329 Mass. 741, 746 (1953). Although CRAB’s decision is not controlling upon this court, it is entitled to deference. Massachusetts Medical Soc’y v. Commissioner of Ins., 402 Mass. 44, 62 (1988). The payment of deference is easy where, as here, the CRAB decision is compelling. “It is well settled that where the language of a statute is clear and unambiguous, we do not look beyond that language to interpret it.” O’Connor v. Civil Serv. Comm’n, 38 Mass.App.Ct. 979, 980 (1995) (citing Pobieglo v. Monsanto Co., 402 Mass. 112, 116 (1988)).
In contrast, the plaintiffs interpretation would require the court to torture the language of §28M to allow the combining of years worked in the county sheriffs department and the State department of correction. The plain language of G.L.c. 32, §28M evidences no legislative purpose to permit the totalling of years of service at the two distinct governmental offices. Additionally, “where the Legislature has employed specific language in one paragraph, but not in another, the language should not be implied where it is not present.” Beeler v. Downey, 387 Mass. 609, 616 (1982). Accordingly, the court finds that CRAB worked no error of law in its construction of the provisions of G.L.c. 32, §28M.
The “Unsupported by Substantial Evidence” Argument
This court will next address the question of whether CRAB’s decision was supported by substantial evidence. G.L.c. 30A, §14. Substantial evidence is “such evidence as a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6). “An administrative finding must be set aside if ‘the evidence points to no felt or appreciable probability of the conclusion or points to an overwhelming probability of the contrary.’ ” Blue Cross & Blue Shield of Massachusetts, Inc. v. Commissioner of Ins., 420 Mass. 707, 710 (1995) (citing New Boston Garden Corp. v. Assessors of Boston, 383 Mass. 456, 466 (1981)).
There is ample evidence in the record to support a finding that the plaintiff is ineligible for retirement benefits under G.L.c. 32, §28M. The plaintiff was employed as a correction officer with the Worcester County Sheriffs Department from January 1, 1972 until December 31, 1979, totalling eight years of service. On May 1, 1982, he became employed as a correction officer at the North Central Correctional Institute in Gardner. Upon his retirement in May of 1994, he had accumulated twelve years of service with the State Department of Correction. Because he never accumulated the requisite twenty years of service with the State department of correction, the plaintiff was not entitled to the superannuated retirement benefits provided under G.L.c. 32, §28M.[3] CRAB’s conclusion to that effect would fail to satisfy only the most unreasonable of views of the evidence.
CONCLUSION
In sum, this court finds that the plaintiff has not demonstrated that CRAB’s decision was based upon an error of law or unsupported by substantial evidence. Therefore, CRAB’s denial of the plaintiffs eligibility for superannuated retirement benefits will not be disturbed.
ORDER
For the foregoing reasons it is hereby ORDERED that the defendants’ Motion for Judgment on the Pleadings is ALLOWED and the decision by the Contributory Retirement Appeals Board is AFFIRMED.

G.L.c. 32, §3(8)(b) provides in relevant part:
Any former member of any contributory retirement system established under the provisions of this chapter, . . . who subsequently becomes employed in a position in any other governmental unit in which such a system is operative, may, before the date any retirement allowance becomes effective for him, pay . . . make-up payments. Upon the completion of such make-up payments, such member shall be entitled to all creditable service resulting from his previous employment.

Nothing in this decision should be taken as precluding the plaintiff from receiving retirement benefits under some other section of G.L.c. 32.