46 Mass. App. Ct. 535 (1999)                                    535

S & H Petroleum Corp., Inc. v. Register of Deeds for the County of Bristol.

S & H Petroleum Corp., Inc. *vs.* Register of Deeds for the County of Bristol.

No. 96-P-1261.

Suffolk. February 11, 1998. - March 26, 1999.

Present: Kass, Smith, & Flannery, JJ.[1]

*Register of Deeds. Negligence,* Duty to prevent harm. *Statute,* Construction. *Real Property,* Recording of judgment. *Practice, Civil,* Execution, Judgment.

A register of deeds was not liable for alleged negligence with respect to a plaintiff's failed efforts timely to levy an execution of judgment so as to effect a taking of real estate, where the register had no duty, statutory or otherwise, to advise members of the public presenting documents for recordation about the applicable law. [537]

Civil action commenced in the Superior Court Department on July 11, 1995.

A motion to dismiss was heard by *Vieri Volterra,* J.

*Robert A. Costantino* for the plaintiff.

*Robert G. Funke* for the defendant.

Smith, J. The plaintiff, S & H Petroleum Corp., Inc., appeals from a judgment in favor of the defendant, the register of deeds for Bristol County. The plaintiff's underlying action for negligence arose out of its failed efforts timely to levy an execution of judgment so as to effect a taking of real estate. The plaintiff sought damages under G. L. c. 258, the Massachusetts Tort Claims Act, in the amount of $47,000 (plus interest) based on the defendant's alleged breach of a duty (according to the plaintiff's complaint) "to advise [the plaintiff] of the possibility of obtaining a certified copy of [an] original execution [of judgment]." A Superior Court judge reviewed the "face of the plead-

---

[1]The case was first considered by Justices Kass, Smith, and Flannery. Justice Flannery died before the draft was written and circulated. Justice Spina joined the panel and participated in this decision.

ings" in response to the defendant's motion for judgment on the pleadings, see Mass.R.Civ.P. 12(c), 365 Mass. 756 (1974), and ruled that the defendant owed no duty to the plaintiff. We affirm.

In considering a rule 12(c) motion, the moving party (here, the defendant) is deemed to have admitted as true the adversary's (here, the plaintiff's) assertion of facts. *Minaya* v. *Massachusetts Credit Union Share Ins. Corp.*, 392 Mass. 904, 905 (1984). *Tanner* v. *Board of Appeals of Belmont*, 27 Mass. App. Ct. 1181, 1182 (1989).

On May 22, 1992, judgment in the amount of $60,000 was entered in the Superior Court in favor of the plaintiff on a breach of contract claim against William J. McDonald. On June 29, 1992, the plaintiff's president, Nicholas K. Shaheen, personally brought the execution of judgment to the Bristol County Registry of Deeds for the purpose of recording and effecting a levy on McDonald's property. Shaheen informed the register's staff of his intentions. The register's staff accepted the execution and recorded it as a "Notice of Judgment." That recording failed to achieve a priority lien, however, because the plaintiff had not complied with the statutory requirement that an officer authorized to take land on execution, generally a sheriff, must deposit with the registry of deeds where the land lies a copy of the execution "with a memorandum thereon that the execution is in his hands for the purpose of taking the land of the defendant." G. L. c. 236, § 4.

After learning of his misstep, Shaheen returned to the registry on July 20, 1992 (the date used in the complaint) to request the return of the original execution of judgment so that he could forward the document to a Bristol County deputy sheriff for proper recording. The register's staff told Shaheen that the original execution was not available that day, but would be returned to him. The staff members did not advise him that he could obtain a certified copy of the original execution, and that a sheriff could record that copy instead.

The plaintiff subsequently received the original execution, although after the deadline for preserving its priority had passed. G. L. c. 236, § 4. Meanwhile, an intervening mortgagee's lien achieved priority ahead of the plaintiff. To make matters worse, McDonald filed a petition in bankruptcy in September, 1992, thereby eliminating, as a practical matter, the plaintiff's ability to collect its judgment. The plaintiff then filed the present

negligence action, seeking damages for the full amount of the uncollected judgment against McDonald.

The register of deeds does not owe a duty to advise members of the public who present documents for recordation about the applicable law. See G. L. c. 36, §§ 1 et seq., which enumerate the duties of registers of deeds and impose no such duty.

The plaintiff argues that a duty exists, by implication, under G. L. c. 36, § 13. That statute, however, contains no such directive; it merely provides that certified copies of a document may be recorded in lieu of the original. When duties are the subject of statutory mandate, the court will not create one by implication. See *King* v. *Viscoloid Co.*, 219 Mass. 420, 425 (1914). The function of a registry of deeds is to record documents. It is essentially a ministerial function, and the personnel of registries cannot be expected to — and are not required to — dispense legal advice.

Given our conclusion that the defendant owed no duty to the plaintiff, it is unnecessary to address the plaintiff's other claims of error.

*Judgment affirmed.*