Burnes, J.

INTRODUCTION

Plaintiff John Martin filed the present action on behalf of his son John against the Town ofWilmington (“the Town”) and the Wilmington School Department (“the Department”) alleging that the defendants were negligent and deprived John of a public education by failing to prevent a group of students from harassing and physically assaulting him during the 1997-1998 school year. This matter is before the court on the defendants’ motion for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c). For the reasons discussed below, the defendants’ motion is ALLOWED.

BACKGROUND

The following facts are taken from the plaintiffs complaint. John attended the North Intermediate Public School (“the School”) in Wilmington, Massachusetts during the 1997-1998 school year. Throughout the year, a group of students repeatedly harassed John, employing verbal abuse and on several occasions, physical assault. Several of the incidents occurred in the classroom. The Martins’ efforts to obtain a solution to this problem met with little success. Although one of the principal offenders was reassigned to a different classroom, he remained in the same school as John. OnMay21, 1998, John was attacked from behind and his face was smashed into a ceramic water fountain. Following this incident, the Martins removed John from the Wilmington school system and enrolled him in private school at great expense. In addition to physical injury, John has suffered emotional distress as a result of the harassment and the defendants’ failure to rectify the situation, causing him to seek counseling to address his fear of going to school.
Thus, on December 12, 2000, the plaintiff filed the present action against the Town and the Department, alleging that the defendants’ negligent acts and omissions caused injury to John and deprived him of the public education to which he is entitled.

DISCUSSION

A motion for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c) challenges the legal sufficiency of the complaint. Sampson v. Lynn, 405 Mass. 29, 30 (1989); Town of Burlington v. District Attorney for the Northern District, 381 Mass. 717, 717 (1980). The moving party is deemed to have admitted as true the adversary’s well pleaded factual allegations. Sampson v. Lynn, 405 Mass. at 30; Minaya v. Massachusetts Credit Union Share Insurance Corp., 392 Mass. 904, 905 (1984); S&H Petroleum Corp., Inc. v. Register of Deeds for the County of Bristol, 46 Mass.App.Ct. 535, 537 (1999).
The defendants contend that they are immune from liability pursuant to Section 10(j) of Chapter 258, the Massachusetts Tort Claims Act, which exempts governmental entities from liability for:
any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condi *372 tion or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer.
G.L.c. 258, §10(j) (1998).
The Supreme Judicial Court clarified the scope of this exemption in Brum v. Dartmouth, 428 Mass. 684 (1999), a case in which a public school student was stabbed to death by several assailants who earlier in the day had been involved in a violent altercation at the school, allegedly as a result of the school’s negligent failure to maintain adequate security measures and protect the student from a known threat. Id. at 687. In seeking to avoid the town’s immunity under §10(j) the plaintiff asserted that the school’s failure to provide security “originally caused” a dangerous environment which resulted in the attack on the student. See Id. at 691.
The SJC rejected this argument, however, noting that if plaintiffs were allowed to recast a neglect of duty as “originally causing” a situation or condition, it would defeat the principal purpose of §10(j) of immunizing the government from liability for failures to prevent harm. See id. at 692-93, 698. Thus, in order to be deemed to have “originally caused” a harmful situation or condition, a public entity must commit some affirmative act creating that situation or condition. See, e.g., Bonnie W. v. Commonwealth, 419 Mass. 122, 126-27 (1994) (concluding that §10(J) did not bar liability where a parole officer’s affirmative actions in recommending a convicted rapist for a job at a mobile park home and giving the employer misleading information about the rapist created the situation in which the rapist got the job and was entrusted with the keys to the plaintiffs trailer); Serrell v. Franklin County, 47 Mass.App.Ct. 400, 405 (1999) (concluding that §10(j) did not bar liability based on prison guards’ affirmative conduct in intervening in an altercation between an inmate and a visitor in such a way as to cause an iron gate to be pinned up against the plaintiff, another visitor).
In the present case, the plaintiff argues that the defendants affirmatively decided not to transfer John’s assailants to another school and thus “originally caused” the situation where John was unable to safely and productively receive a public education. However, the allegation that the School made an affirmative decision not to transfer John’s assailants is merely a recasting of the School’s alleged neglect of duty: its failure to take action to protect John from harassment by other students. Allowing the plaintiff to avoid the force of G.L.c. 258, §10(j) in this manner would effectively abolish the very immunity the legislature intended to create. See Brum v. Dartmouth, 428 Mass. at 696. Thus, under §10(j) the plaintiffs complaint fails to state a claim upon which relief can be granted.[3]
Finally, the plaintiffs argument that he seeks to recover not for the personal and financial injuries caused by the defendants’ failure to protect John, but rather, for the defendants’ deprivation of John’s right to a public education, is clever but unavailing. Part II, c. 5, §2 of the Massachusetts Constitution imposes an enforceable duty on the Commonwealth to provide all children with a public education. McDuffy v. Secretary of the Executive Office of Education, 415 Mass. 545, 602-05 (1993).[4] A student’s right to a public education may be violated by the creation of a school financing system which produces a vast discrepancy in the quality of education provided in affluent versus poor communities, id. at 611-20, or by an expulsion from school which is not rationally related to a legitimate state interest. Doe v. Superintendent of Schools of Worcester, 421 Mass. at 132-34. Further,-Chapter 76 of the General Laws expressly allows a student who has been unlawfully excluded from the public schools to recover in tort. G.L.c. 76, §16(1998). See, e.g., G.L.c. 76, §5 (prohibiting exclusion from the public schools based on race, sex, religion, or sexual orientation); G.L.c. 76, §17 (requiring that students receive a hearing before expulsion for alleged misconduct).
All of these claims, however, are premised on some affirmative action by a government actor which deprives the student of the public education to which he is entitled. In the present case, the plaintiff does not allege that John was excluded from the Wilmington public schools by some affirmative act of the defendants. Rather, the crux of the complaint is that John’s ability to maximize his public education has been injured by the School’s negligent failure to take action to remedy the harmful conduct of third parties. This is precisely the type of claim from which the Legislature intended to immunize public entities pursuant to G.L.c. 258, §10(j). The plaintiffs complaint is thus legally insufficient to state an actionable claim.

ORDER

For the reasons stated herein, it is hereby ORDERED that the defendants’ motion for judgment on the pleadings be ALLOWED.

 Given that the plaintiffs claim is clearly barred by §10(j) of the Tort Claims Act, this Court need not consider whether, as asserted by the plaintiff, a claim would be viable despite the discretionary function provision of § 10(b). See Brum v. Dartmouth, 428 Mass. at 691. Further, to the extent that the plaintiffs brief asserts a “state created danger,” allegations that the defendants failed to remove John’s assailants from the School fall short of the type of affirmative act necessary to establish a violation of due process. Id. at 706. The plaintiff must show more than mere inaction by the government in the face of a known danger; rather, he must show that the state used its authority, through some affirmative act, to create an opportunity that would not otherwise have existed for the third party’s crime to occur. Id. at 705-06.

 It should be noted, however, that the right to an education is not a fundamental right for purposes of state and federal due process analysis. Doe v. Superintendent of Schools of Worcester, 421 Mass. 117, 129-33 (1995).