Lemire, James R., J.
The Plaintiff, David Bouffard (Bouffard) brought this action alleging among other things negligence against the Defendant, Attorney Lisa Dropkin (Dropkin). Pursuant to Mass.R.Civ.P. 12(c), Dropkin moves to dismiss the claim against her.[1] For the following reasons, Dropkin’s motion is DENIED.
FACTUAL BACKGROUND
Bouffard’s claim against Dropkin is based on the following factual allegations: (1) on March 30, 2005 he purchased certain real estate in Hardwick, Massachusetts; (2) his mortgage lender[2] was represented in this transaction by the defendant, Dropkin; (3) after the purchase transaction had closed, but prior to the deed being recorded, Dropkin caused a new description of the locus to be substituted for the original description presented at the closing; (4) Dropkin then recorded the deed and mortgage with the substituted description; (5) as a result Bouffard took title to land that was different than what he had agreed to at the real estate closing.
DISCUSSION
In considering a Rule 12(c) motion “all of the well pleaded factual allegations in the adversary’s pleadings are assumed to be true and all contravening assertions in the moving party’s pleadings are taken to be false.” Sampson v. Lynn, 405 Mass. 29, 30 (1989), quoting Minaya v. Massachusetts Credit Union Share Ins. Corp., 392 Mass. 904, 905 (1984). The effect of such a motion is to “challenge the legal sufficiency of the complaint.” Burlington v. District Attorney for N. Dist., 381 Mass. 717, 717-18 (1980); Sampson v. Lynn, supra at 30; Wilson v. Commonwealth, 31 Mass.App.Ct. 757, 763 (1992). When a defendant moves for judgment on the pleadings, it is in effect a 12(b)(6) Motion to Dismiss because the defendant is asserting that the complaint fails to state a claim for which relief can be granted. James W. Smith & Hiller B. Zobel, Rules Practice 12.18 at 218 (2006). Thus, this Court will consider the defendants’ Rule 12(c) motion as a motion to dismiss pursuant to Mass.RCiv.P. 12(b)(6).
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the Court must determine whether the complaint states a claim upon which relief can be granted. The Court must take the allegations of the complaint, as well as any inferences which can be drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957).
A complaint is not subject to dismissal if it can support relief under any theory of law. Eigerman v. Putnam Investments, Inc., 450 Mass. 281, 286 (2007). Further, a complaint should not be dismissed simply because it asserts a new or extreme theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28, 30 (1988). All inferences should be drawn in the plaintiffs favor, and the complaint “is to be construed so as to do substantial justice . . .” Ourfalian v. Aro Mfg. Co., Inc., 31 Mass.App. Ct. 294, 296 (1991).
The essence of Dropkin’s motion for judgment on the pleadings is that she owed no duty to Bouffard since he had not established that an attorney-client relationship existed between him and Dropkin. However, the court finds that Bouffard has pled sufficient facts to establish that he relied on her to properly record the correct description of the property and that *545 her modification of the description breached a duty created by this relationship.
The existence of an attorney-client relationship is a question to be resolved by the trier of fact, Page v. Frazier, 388 Mass. 55, 61 (1983), and “the relationship can be implied from the conduct of the parties” and need not be expressed. Id. at 62. See DeVaux v. American Home Assurance Co., 387 Mass. 814, 817-18 (1983). Although Bouffard has not alleged an express attorney-client relationship, “(a]n attorney-client relationship may be implied ‘when (1) a person seeks advice or assistance from an attorney, (2) the advice or assistance sought pertains to matters within the attorney’s professional competence, and (3) the attorney . . . actually gives the desired advice or assistance.’ ” DeVaux v. American Home Assurance Co., 387 Mass. 814, 817-18 (1983) (internal quotation omitted).
Further, “(a]bsent an attorney-client relationship, the court will recognize a duty of reasonable care if an attorney knows or has reason to know a nonclient is relying on the services rendered.” Lamare v. Basbanes, 418 Mass. 274, 276 (1994). “Such a duty may arise, however, only if the attorney reasonably should have foreseen reliance on the part of the third party.” DeRoza v. Arter, 416 Mass. 377, 382 (1993), citing Page, supra at 65.
Here, Bouffard acknowledges that Dropkin represented FNBA. Nonetheless, a fair inference to be taken from the allegations is that Dropkin advised and assured Bouffard that the proper paperwork would be recorded showing Bouffard held title to the property described in the deed and mortgage presented to Bouffard at the closing. Accepting these allegations as true, the court cannot conclude that Dropkin had no duty to Bouffard.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant Dropkin’s Motion for Judgment on the Pleadings be DENIED.

 Count III.

First National Bank of Arizona (FNBA).