Giles, Linda E., J.
INTRODUCTION
In this declaratory judgment action brought under G.L.c. 231, §§1 et seq., the plaintiff, Nicholas A. Pale-ólogos (“plaintiff’), seeks an interpretation of Chapter 240 of the laws of 2010, entitled “An Act Relative to Economic Development Reorganization” (“Act”), such that the court can declare that he has been an employee of defendant Massachusetts Marketing Partnership (“MMP”) since October 1, 2010, and that he is entitled to all attendant rights and benefits. The defendants are the MMP; Gregory P. Bialecki, Secretary of the Massachusetts Executive Office of Housing and Economic Development; and Betsy Wall (“Wall”), Executive Director of the Massachusetts Office of Travel and Tourism (“MOTT”) (collectively, “state defendants”).
Pursuant to Mass.R.Civ.P. 12(e), the plaintiff moves for judgment on the pleadings. The state defendants oppose the plaintiffs motion and also move for summary judgment in their own behalf. After hearing, and for the reasons set forth below, the plaintiff s motion is DENIED, and the state defendants’ motion is ALLOWED.
BACKGROUND
The following facts are established within the pleadings, which are closed and do not raise any affirmative defenses, or are undisputed. The Massachusetts Sports & Entertainment Commission (“MSEC”) was organized in 1992 to “enhance the economy, image and quality of life for the citizens of Massachusetts through the attraction, promotion, development and growth of sports and entertainment.” The MSEC is a private, tax-exempt, charitable corporation that has been funded over the years by a combination of private donations, fees for services rendered to sports and entertainment events, and public funding; it is not a public entity or government agency mentioned anywhere in the General Laws.[1] From 2007 to 2010, the plaintiff was the executive director of the MSEC’S Massachusetts Film Office; as such, he was a private, not a state, employee.
Enacted on August 5,2010, the Act reorganized and consolidated the Commonwealth’s economic development agencies and created the MMP. St. 2010, c. 240. The MMP acts as the central state agency for the Commonwealth’s tourism, trade, and branding efforts. Among its responsibilities are the functions previously outsourced to the MSEC, i.e., promoting the state as a destination for sporting events and film production; that task is now carried out by the MOTT, an office within the MMP.
Section 190 of the Act (the so-called “transfer section”) provided for the transfer of “employees, proceedings, rules and regulations, property and legal obligations of [certain] functions of state government” from eight designated “transferor agencies”[2] to seven corresponding “transferee agencies.”[3] In pertinent part, the Act addressed the transfer of functions from the MSEC to the MMP on or before October 1, 2010, including its employees, viz.:
Notwithstanding any general or special law to the contrary, this section shall facilitate the orderly transfer of the employees, proceedings, rules and regulations, properly and legal obligations of the following functions of state government from the transferor agency to the transferee agency, defined as follows: (1) the functions of the Massachusetts Sports and Entertainment Commission, as the transferor agency, to the Massachusetts marketing [sic] partnership [sic], as the transferee agency . . .
St. 2010, c. 240, § 190(a).
The employees of each transferor agency . . . are hereby transferred to the respective transferee agency, without interruption of service, without impairment of seniority, retirement or other rights of the employee, and without reduction in compensation or salary grade, notwithstanding any change in title or duties resulting from such reorganization, and without loss of accrued rights to holidays, sick leave, vacation and benefits. The reorganization shall not impair the civil service status of any such *425 reassigned employee who immediately before the effective date of this act either holds a permanent appointment in a position classified under chapter 31 of the General Laws or has tenure in a position by reason of section 9A of chapter 30 of the General Laws.
Notwithstanding the provisions of any general or special law to the contrary, all such employees shall continue to retain their right to collectively bargain under chapter 150E of the General Laws and shall be considered employees for the purposes of said chapter 150E . . .
St. 2010, c. 240, § 190(b).
With the passage of the Act, the MSEC was informed that it would no longer receive state funding after December 31, 2010. In order to accomplish a smooth transition of responsibilities from the MSEC to the MMP, the MMP entered into a contract with the MSEC to continue its services through December 31, 2010; as of January 1, 2011, the transfer of functions was complete. The MSEC continues to exist as a private, tax-exempt, charitable entity and to promote Massachusetts as a destination for major sports events, but it no longer is involved in efforts to attract motion picture production to the state.
DISCUSSION
I. Legal Standards
a. Motion Standard
A motion for judgment on the pleadings can be brought by either party after the pleadings are closed. Mass.RCiv.P. 12(c). In considering a Rule 12(c) motion, the moving party is deemed to have admitted as true the opponent’s assertion of facts. S&H Petroleum Co., Inc. v. Register of Deeds for the County of Bristol 46 Mass.App.Ct. 535, 536 (1999).
Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party does not bear the burden of proof at trial, it must either submit affirmative evidence negating an essential element of the non-moving party’s claim or demonstrate that the non-moving party’s evidence is insufficient to establish its claim. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991).
b. Statutory Construction
Courts construe a statute “as written, in keeping with its plain meaning,” eVineyard Retail Sales-Massachusetts, Inc. v. ABCC, 450 Mass. 825, 831 (2008), quoting Stop & Shop Supermarket Co. v. Urstadt Biddle Props., Inc., 433 Mass. 285, 289 (2001), and so as “to effectuate the intent of the Legislature in enacting it,” Global NAPS, Inc. v. Awiszus, 457 Mass. 489, 496 (2010), quoting International Org. of Masters v. Woods Hole, Martha’s Vineyard & Nantucket S.S. Auth., 391 Mass. 811, 813 (1984). “[Statutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result.” Sullivan v. Town of Brookline, 435 Mass. 353, 360 (2001). See Trace Construction, Inc. v. Dana Barros Sports Complex, LLC, 459 Mass. 346, 357 (2011).
Where “the language of a statute is clear and unambiguous, it is conclusive as to the intent of the Legislature.” Global NAPS, Inc., 457 Mass. at 496. Where “the statutory language is not conclusive, we may ‘turn to extrinsic sources, including the legislative history ... for assistance in our interpretation.’ ”[4] Commonwealth v. Deberry, 441 Mass. 211, 215 (2004), quoting Chandler v. County Comm’rs of Nantucket County, 437 Mass. 430, 435 (2002). In construing the Legislature’s intent, the court may rely on reliable guideposts such as the statute’s “progression through the legislative body, the history of the times, prior legislation, contemporary customs and conditions and the system of positive law of which they are part.” Suffolk Construction Co., Inc. v. Division of Capital Asset Management, 449 Mass. 444, 454 (2007), quoting EMC Corp. v. Comm’r of Revenue, 433 Mass. 568, 570 (2001) (citations omitted).
If a court concludes that “the general meaning and object of the statute should be found inconsistent with the literal import of any particular clause or section, such clause or section must, if possible, be construed according to the spirit of the act.” Boston Police Patrolmen’s Ass’n, Inc. v. Police Dept. of Boston, 446 Mass. 46, 50 (2006), quoting Saccone v. State Ethics Cornm’n, 395 Mass. 326, 334 (1985). Furthermore, the court should interpret the statute as a whole, to ensure that the statute serves its intended purpose, Bartlett v. Greyhound Real Estate Fin. Co., 41 Mass.App.Ct. 282, 286 (1996), and keep the legislation “in harmony with common sense and sound reason,” Atlas Distrib. Co. v. ABCC, 354 Mass. 408, 414 (1968), quoting Morrison v. Selectmen of Weymouth, 279 Mass. 486, 492 (1932).
II. Analysis
The gravamen of the plaintiffs complaint is his contention that, pursuant to the Act’s transfer section, his employment was “transferred” by “operation of law” from the MSEC to the MMP on October 1, 2010. He further argues that, having become an employee of the MMP, he cannot be terminated except by a majority vote of the partners of the MMP and only pursuant to the state’s civil service laws and claims that he has been deprived unlawfully of his salary and benefits since January 1, 2011. The state defendants counter that the plaintiff was terminated by the MSEC’S board at the end of 2010 and that the Act has no application *426 to him as a private employee. The court agrees with the state defendants.
The very opening passage of the Act’s transfer section underscores the Legislature’s intent that that section apply only to existing state government employees, not private employees like the plaintiff: “[Tjhis section shall facilitate the orderly transfer of the employees, proceedings, rules and regulations, property and legal obligations of the following functions of state government from the transferor agency to the transferee agency . . .” St. 2010, c. 240, §190(a) (emphasis added). See eVineyard Retail Sales-Massachusetts, Inc., 450 Mass. at 831. Moreover, inasmuch as seven of the eight “transferor agencies” are, in fact, state agencies and authorities, it reasonably may be inferred that, in transferring the responsibilities of the MSEC, the only private corporation among the “trans-feror agencies,” to the MMP, the Legislature did not intend to transfer the employees of the MSEC to the MMP, merely its function. Including the private MSEC on the list of public “transferor agencies” without qualification seems a product of faulty or imprecise draftspersonship, not a reflection of Legislative intent. See Commonwealth v. Maloney, 447 Mass. 577, 585 (2006).
By contrast, the plaintiffs argument appears flawed or illogical. The word “transfer" in the context of employment commonly means to reassign or relocate the employee within an organization. See Webster's Third New International Dictionary 2427 (1964) (“transfer” is defined as “to move or send to a different location esp. for business, vocational or military purposes”). Indeed, the terms “transfer” and “reassignment” are used interchangeably in the transfer section. Calling the move of a private employee, such as the plaintiff, to a government agency, thereby rendering him a public employee, a “transfer” strikes this court as odd. Further proof that the transfer section applies only to state employees lies in the references to the rights and protections of only state employees, i.e., “civil service” and “collective[ ] bargaining] under chapter 150E,” St. 2010. c. 240, § 190(b), and the resort to administrative terms, e.g., “proceedings” and “rules and regulations,” id. at § 190(a).
Perhaps the greatest problem with the plaintiffs interpretation of the transfer section is the fact that it could result in the violation of the MSEC’S rights under the Federal and Massachusetts Constitutions. See Lambert v. Executive Dir. of Judicial Nominating Council, 425 Mass. 406, 410 (1997). Taken to its logical conclusion, the plaintiffs argument would require the MSEC to transfer its “property,” possibly including, inter alia, such valuable items as real estate, intellectual property, contracts, electronic equipment, and cash, see St. 2010, c. 240, §§ 190(e), 190(f), without any provision for compensation. Compelling a private entity to transfer its property to the Commonwealth withou tjust compen-sationwouldbeunconstitutional. Amendment V, U.S. Constitution: Massachusetts Declaration of Rights, art. 10. See Blair v. Dept. of Conservation and Recreation, 457 Mass. 634, 642 (2010).
Thus, the plaintiffs literal, narrow, and selective reading of the Act’s language would lead to an absurd result, i.e., his automatic transformation from a private to a public employee with all the rights and privileges attendant thereto, e.g., civil service status and collective bargaining, despite the Act’s provision to the contrary: “Nothing in this section shall be construed to confer upon an employee a right not held immediately before the date of said transfer . . .” St. 2010, c. 240, §190(b).[5] See Halebian v. Berv, 457 Mass. 620, 630 (2010); North Shore Realty Trust v. Commonwealth, 434 Mass. 109, 112 (2001). Accordingly, as his interpretation defies logic and common sense, he is not entitled to the declaration he seeks as a matter of law.
ORDER FOR JUDGMENT
For all the foregoing reasons, it is hereby ORDERED AND ADJUDGED that:
1. the plaintiffs motion for judgment on the pleadings be DENIED-,
2. the state defendants’ motion for summary judgment be ALLOWED-,
3. it be DECLARED that the plaintiff has not been an employee of the MMP since October 1, 2010, and that he is not entitled to all attendant rights and benefits; and
4. the complaint be DISMISSED.

The plaintiff offers no support for his suggestion that the MSEC'S receipt of state grants between 2006 and 2010 somehow transformed it into a quasi-state agency.

The MSEC, the Community Development Finance Corporation and the Economic Stabilization Trust, the Department of Business Development, the Office of Travel and Tourism in the Department of Business Development, the Office of International Trade and Investment in the Department of Business Development, the Massachusetts Health and Educational Facilities Authority, and the Office of Small Business and Entrepreneurship.

The MMP, the Massachusetts Growth Capital Corporation, the Massachusetts Office of Business Development, the Office of Travel and Tourism in the MMP, the Massachusetts International Trade Office in the MMP, the Massachusetts Development Finance Agency, and the Massachusetts Office of Business Development, respectively.

The parties represented at the motion hearing that they could not find any legislative history with regard to the subject statute.

There is no record support for the plaintiffs claim that Wall “led (him) to believe" that he would be offered employment within the newly-created MMP.