EARL LAMONT AVERY *vs.* COMMISSIONER OF THE DEPARTMENT OF SOCIAL SERVICES & others.[1] March 6, 1990. *Jurisdiction*, Declaratory relief. *Governor. Executive.*

The plaintiff, a former employee of the Department of Social Services (DSS), was, for a time, its director of planning. He appeals from a judgment declaring that he is not entitled to an award of back pay, attorney's fees, and a management position that had been awarded to him under an order of the director of the State Office of Affirmative Action (SOAA), acting under Executive Order 227, the Governor's Code of Fair Practices. SOAA had found that DSS had not complied "with adequate affirmative action policy and procedures," and that Avery had been harassed and retaliated against because of his race. After SOAA made its award in Avery's favor, DSS declined to comply with the aspects of the award involved in this appeal. When SOAA pressed for compliance, the Executive Office of Human Services (in effect acting for DSS) appealed to the equal employment panel which ruled, after a hearing, that SOAA's award of back pay, attorney's fees, and an offer of a management position was not authorized by the executive order. Avery then brought this action seeking declaratory relief under G. L. c. 231A (1988 ed.).

The Superior Court judge ruled that the executive order neither explicitly nor implicitly authorized the director of SOAA to grant individual compensatory relief and attorney's fees to a person, such as the plaintiff, found to have been a victim of a State affirmative action plan violation, harassment, and retaliation by a State agency, such as (in this case) the DSS. We tranferred Avery's appeal here on our own motion. We agree with the judge.

We need not reach the doubtful proposition (which prompted our transfer of the appeal here) that, by executive order, the Governor has the au-

---

[1]The Governor of the Commonwealth (whom the judge below dismissed as a party), the Commissioner of Administration, the chairman of the Massachusetts Commission Against Discrimination, and the Secretary of the Executive Office of Human Services.

thority to create a right to damages (and attorney's fees) against the Commonwealth, because we are satisfied that the executive order did not do so. The executive order instructs the Executive Department on the implementation of a policy of affirmative action. It created SOAA and gave its director certain authority. SOAA's word is not final, however, because a State agency may appeal a decision of the director of SOAA to the equal employment panel (which consists of the Commissioner of Administration and the chairman of the Massachusetts Commission Against Discrimination [MCAD], or their designees, and a person they jointly select).

The executive order was not intended to replace or supplement the authority of MCAD under G. L. c. 151B (1988 ed.) to award compensatory damages to an individual like the plaintiff. Indeed, the defendants have informed us that the plaintiff complained to MCAD; his complaint was settled by DSS's payment of $12,500 to him; and the settlement agreement states that it resolves all monetary claims in the action now before us except attorney's fees. The executive order gives the director authority to control the hiring practices of an agency that has violated the executive order until there is satisfactory compliance. It also compels the director to refer information concerning any possible violation of law to MCAD.

The judge, therefore, properly entered a judgment declaring that under the executive order the plaintiff was not entitled to individual relief of the type awarded in this case. The judge's order dismissing the Governor as a party was correct because the plaintiff was not entitled to declaratory relief against the Governor. See G. L. c. 231A, § 2; *Rice* v. *The Governor*, 207 Mass. 577, 580 (1911).

*Judgment affirmed.*

*Thomas M. Sobol* for the plaintiff.

*Alice Daniel*, Assistant Attorney General, for the Commissioner of the Department of Social Services & others.