Fremont-Smith, J.
The plaintiff, Victoria Buckley, brought this action pursuant to G.L.c. 93, §103(b) and G.L.c. 151B, §9 claiming that the Department of Mental Health (“DMH”) laid her off because of her physical handicap and failed to reasonably accommodate her despite knowing of her handicap. The defendant now moves for (1) judgment on the pleadings under Mass.R.Civ.P. 12(c)withrespecttoplaintiffsG.L.c. 93, §103 claim and (2) summary judgment on the plaintiffs claim of handicap discrimination under G.L.c. 151B, §4(16). For the reasons discussed below, the defendant’s motions are allowed.
BACKGROUND
The plaintiff suffers from a spinal injury which makes her mobility disabled. In January 1983, Buckley, working as an Occupational Therapist/Staff Clinician for Community Human Services, began working for DMH under a vendor agreement between DMH and her employer. In October 1983, Buckley was promoted to Occupational Therapist II/Head Occupational Therapist. Buckley’s work performance was competent and professional.
On June 30, 1987, Buckley, due to her physical handicap, became entitled to the benefits of “affirmative action protected status” found in Executive Order No. 246.[1] In October 1990, Buckley was notified that DMH would begin laying off employees due to financial constraints. The plaintiff admitted in deposition testimony that she had no reason to believe that she was laid off for any reason other than financial concerns.
Pursuant to the collective bargaining agreement which was negotiated on her behalf by the Massachusetts Nurses Association (“MNA”), layoffs were to be based solely on seniority according to certain bumping procedures developed by DMH and MNA. When Buckley was notified of her impending lay-off, she was told of her two bumping options: either a full time position as an Occupational Therapist II (her job category) or a part time position as an Occupational Therapist I, at Medfield State Hospital in Medfield.
Buckley refused the assignments because her disability made it impossible for her to make the 45-60 minute commute. She offered to take a salary reduction in order to remain at Community Human Services but was rejected. She made numerous requests for reasonable accommodation. In November 1990, DMH temporarily placed Buckley in Somerville while her bumping options were further explored.
On January 2,1991, Buckley was told to report to the Medfield State Hospital on January 14, 1991. Buckley told DMH she was unable to report due to her handicap. She again requested reasonable accommodation. On March 4,1991, DMH fired Buckley. On March 12,1991, DMH rescinded the discharge order and laid her off.
On May 1, 1991, Buckley filed a written complaint of discrimination with the Massachusetts Commission against Discrimination (“MCAD”) alleging discrimination based on her handicap. The MCAD found that there was insufficient evidence of handicap discrimination.
DISCUSSION
I. Motion for Judgment on the Pleading
The defendant first moves under Mass.R.Civ.P. 12(c) for judgment on the pleadings as to Count II, asserting that DMH is not a proper defendant under G.L.c. 93, §103 (the Massachusetts Equál Rights Act) because it is not a “person.”
“The effect of a motion for judgment on the pleadings is ‘to challenge the legal sufficiency of the complaint.’ ” Minaya v. Mass. Credit Uniton Shore Ins. Corp., 392 Mass. 904, 905 (1984), quoting Burlington v. District Attorney for the U. District, 381 Mass. 717, 717-18 (1980). In ruling on the motion, “all of the well pleaded factual allegations in the adversary’s pleadings are assumed to be true and all contravening assertions in the movant’s pleadings are taken to be false.” Id., quoting 5 C.A. Wright & A.R. Miller, Federal Practice and Procedure §1368, at 691 (1969).
After considering the pleadings in this case and the relevant statutory and case law, the court concludes that the G.L.c. 93, §103 claim is legally insufficient because the DMH is not a proper defendant under the statute. Chapter 93, §103(a) protects various legal rights of the handicapped and the aged. Any person whose rights have been violated under subsection (a) *578 may bring a civil action in the county where “the ‘person’ whose conduct complained of resides or has his principal place of business.” G.L.c. 93, §103(b).
The use of the word “person” in a statute “is not ordinarily construed to include the State." Commonwealth v. Elm Medical Laboratories, Inc., 33 Mass.App.Ct. 71, 77 (1992). In the case of ElmMedical Laboratories, Inc., the court held that the Commonwealth could not be sued under the State Civil Rights Act, G.L.c. 12, §11H, because the State was not a person and the Legislature had not clearly manifested an intent to bring the Commonwealth within the purview of c. 12, §11H. Id. at 77, 78-79. “The definition of a ‘person’ in G.L.c. 4, §7 cl. twenty-third includes such non-animate entities as corporations, societies, associations, and partnerships but not the Commonwealth or its departments.” Id. at 77. The Supreme Court has stated that “in common usage, the term ‘person’ does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it.” Will v. Michigan Department of State Police, 491 U.S. 58, 64 (1989) (construing 42 U.S.C. §1983). The above authority leads this court to conclude that the use of the word “person” in c. 93 §103(b) excludes the State from its purview. Thus, judgment on the pleadings shall be granted in favor of DMH on Count II.
II. MOTION FOR SUMMARY JUDGMENT
DMH moves for summary judgment on Count I, asserting that (1) plaintiff admits she was laid off because of financial constraints and (2) an employer’s duty of reasonable accommodation does not require the employer to violate the collective bargaining rights of other employees.
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further], that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving parly’s case renders all other facts immaterial and mandates the award of summary judgment.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
As a preliminary matter, the plaintiff asserts in her brief that she cannot adequately respond to defendant’s summary judgment motion because she has not had enough discovery. But plaintiff fails to raise this issue in an affidavit as is procedurally required under Mass.R.Civ.P. 56(f).
Buckley concedes that she was laid off because of DMH’s deficit budget and financial constraints. The plaintiff has failed to bring forth any credible evidence that she was laid off because of her handicap.
Buckley argues, however, that she was offered an unreasonable bumping option which would have required her to commute 45-60 minutes, 15-30 minutes longer than her disability would allow. She asserts that DMH’s failure to offer alternative options was a failure to reasonably accommodate her under G.L.c. 151B, §4(16). Chapter 151B, §4(16) states, in pertinent part:
For any employer, personally or through an agent, to dismiss from employment or refuse to hire, rehire or advance in employment or otherwise discriminate against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodations, unless the employer can demonstrate that the accommodation required to be made to the physical or mental limitations of the person would impose an undue hardship to the employer’s business.
In determining whether an accommodation would impose an undue hardship on the conduct of the employer’s business, factors to be considered include:
(1) the overall size of the employer’s business with respect to the number of employees, number and fype of facilities, and size of budget or available assets;
(2) the type of the employer’s operation, including the composition and structure of the employer’s workforce; and
(3) the nature and cost of the accommodation needed.
DMH’s layoff policy and bumping procedures were based on a strict system of seniority that had been adopted under Buckley’s collective bargaining agreement. Massachusetts General Laws Chapter 151B, §4(17) provides that, “ [notwithstanding any provision of this chapter, it shall not be an unlawful employment practice for any . . . employer ... to (a) observe the terms of a bona fide seniority system . . . which is not a subterfuge to evade the purposes of this section ...” Plaintiff fails to assert or introduce evidence demonstrating that the seniority system was not bona fide or a subterfuge designed to evade the law. Thus, by following the dictates of a bona fide seniority system, DMH cannot be found to violate Buckley’s rights under G.L.c. 15 IB, §4(16).
ORDER
For the foregoing reasons, the defendant’s motion for judgment on the pleadings on Count II is ALLOWED. It is further ORDERED that defendant’s motion for summary judgment on Count I is ALLOWED.

 Executive Order No. 246 does not grant the plaintiff any additional rights not already conferred upon her by G.L.c. 151B, §4(16). See Avery v. Commissioner of the Department of Social Services, 406 Mass. 1006, 1006-07 (1990).