Sosman, J.
Plaintiffs Edward and Sumner Redstone have brought the present action alleging that gasoline and hazardous materials released from the defendants’ properly have contaminated the plaintiffs’ property. Defendants Luigi F. Signore, John R. Signore, Vincent J. Signore, Sr., Frank A. Signore, and Domenica Visco, the owners of the abutting property, have moved for judgment on the pleadings with respect to plaintiffs’ claims for future response costs and plaintiffs’ claims under G.L.c. 93A, §11. For thefollow-ing reasons, defendants’ motion for judgment on the pleadings is ALLOWED with respect to the G.L.c. 93A claims and is DENIED in all other respects.
Background
Plaintiffs own property located at 340-342 Boylston Street in Newton, Massachusetts. The Signore and Visco defendants own a parcel of land at 358-364 Boylston Street in Newton, Massachusetts (the “Site”), which abuts the plaintiffs’ land.
Plaintiffs allege that underground storage tanks, floor drains, a leaching field and other improvements were installed at the Site between 1932 and October 1990, and that, at some point before October 1990, the underground storage tanks on the Site began to leak and release gasoline and hazardous materials into the ground and groundwater beneath the Site. Plaintiffs further claim that a sampling and analysis of soil and groundwater taken from plaintiffs’ property between May 1990 and February 1991 revealed contamination. Based on the analysis of their experts, plaintiffs contend that the gasoline and hazardous materials have migrated from the Site to the plaintiffs’ property.
On June 22, 1992, plaintiffs filed the present action. Their amended complaint was filed on May 4, 1993. In the amended complaint, plaintiffs assert claims against the defendants under G.L.c. 21E, §§4, 5, and G.L.c. 93A, §11, along with common law claims for negligence, trespass, nuisance, and escape of dangerous things. With respect to the claims under G.L.c. 2IE, plaintiffs seek to recover $80,000 for response costs incurred to date in connection with release or threat of release of gasoline and hazardous materials from the Site and a declaration holding the defendants liable for future response costs.
Discussion
A motion for judgment on the pleadings should be granted if the factual allegations, taken as true, are legally insufficient to make out a claim. Minaya v. Massachusetts Credit Union Share Ins. Corp., 392 Mass. 904, 905 (1984); Wilson v. Commonwealth, 31 Mass.App.Ct. 757, 763 (1992). In determining the legal viability of plaintiffs’ claim, the court assumes that all of the well-pleaded factual allegations in the complaint are true and all contravening assertions in the defendants’ answer are false. Sampson v. City of Lynn, 405 Mass. 29, 30 (1989), quoting Minaya v. Massachusetts Credit Union Share Ins. Corp., 392 Mass. 904, 905 (1985). Accordingly, “|t]he effect of a motion for judgment on the pleadings is to challenge the legal sufficiency of the complaint.” Burlington v. District Attorney for N. Dist., 381 Mass. 717, 717-18 (1980).
Defendants contend that G.L.c. 21E, §4 allows plaintiffs to recover only those response costs that have actually been incurred, and that plaintiffs cannot prevail on any claim for future response costs or obtain a declaration holding the defendants liable for future response costs. G.L.c. 21E, §4 allows a property owner to recover from the person(s) responsible for a release the reasonable costs of assessment, containment and removal of hazardous material. G.L.c. 21E, §4 (1994 ed.); Garweth Corp v. Boston Edison Co., 415 Mass. 303, 307 (1993); Griffith v. New England Tel. & Tel *470 Co., 414 Mass. 824, 826 (1993); Sheehy v. Lipton Indus., Inc., 24 Mass.App.Ct. 188, 197 (1987). Prior to the enactment of §4A, an action to recover response costs under §4 was “limited to reimbursement of clean-up costs already paid by the party seeking recovery.” Mailman’s Steam Carpet Cleaning Corp. v. Lizotte, 415 Mass. 865, 874 (1993); Oliveira v. Pereira, 414 Mass. 66, 73-74 (1992) (holding that “a prerequisite for an action for reimbursement under G.L.c. 21E is that the sum sought to be recovered have been paid”).
Effective July 1, 1992, the Legislature enacted G.L.c. 2IE, §4A, which provides “detailed procedures by which a private party who is liable under §5, and intends to undertake a future cleanup action, may obtain contribution before commencing cleanup from others also liable.” Mailman’s Steam Carpet Cleaning Corp., 415 Mass. at 874 n.8; G.L.c. 21E, §4A (1994 ed.). In addition, §4, as amended on July 1, 1992, provides that “ [a]ll claims and actions for contribution, reimbursement, or equitable share, except those pending in court on the effective date of §4A, shall be subject to, and brought in accordance with, the procedures set forth in §4A.” G.L.c. 21E, §4 (1994 ed.). Since plaintiffs commenced the present suit on June 22, 1992, prior to the enactment and effectiveness of §4A, the sufficiency of plaintiffs’ claim must be determined under the former version of G.L.c. 21E, §4. Martignetti v. Haigh-Farr Inc., Civil Action No 89-7700-B, 2 Mass. L. Rptr. 277 (Middlesex Super. Ct., June 20, 1994).
Taking all of the well-pleaded factual allegations in the amended complaint as true, plaintiffs have asserted a legally sufficient claim under G.L.c. 21E, §4. Defendants correctly contend that the plaintiffs cannot recover a monetary award under §4 for future response costs. Mailman’s Steam Carpet Cleaning Corp., 415 Mass. at 874; Oliveira, 414 Mass. at 73-74. However, a party may obtain under §4 a judgment declaring a defendant’s liability for all reasonable assessment, containment and removal costs incurred in the future. Martignetti v. Haigh-Farr Inc., Civil No 89-7700-B, 2 Mass. L. Rptr. 277 (Middlesex Super. Ct. June 20, 1994); Wellesley Hills Realty Trust v. Mobil Oil Corp., 747 F.Supp. 93, 102 (D. Mass. 1990). See also Oliveira, 414 Mass. at 70.
In the present case, plaintiffs allege that they have already expended some $80,000 in response costs. Those expenses are clearly recoverable under §4. Plaintiffs may, in addition, obtain a declaratory judgment establishing defendants’ liability for costs incurred in the future, although they may not presently obtain a monetary judgment for that amount.[1] Accordingly, defendants’ motion for judgment on the pleadings with respect to plaintiffs’ claim for declaratory relief is denied.
Defendants have also moved for judgment on the pleadings with respect to plaintiffs claims under G.L.c. 93A, §11. To recover under G.L.c. 93A, §11, the parties must be engaged “in the conduct of any trade or commerce.” In the present case, no commercial relationship exists between the parties, and the parties’ relationship as abutting property owners is an insufficient basis for maintaining a c. 93A claim. Cash Energy Inc v. Weiner, 768 F.Supp. 892, 894 (D. Mass. 1991). Thus, defendants’ motion for judgment on the pleadings is allowed as to Count VI of plaintiffs’ amended complaint.
ORDER
For the foregoing reasons, defendants’ motion for judgment on the pleadings is ALLOWED as to Count VI of plaintiffs’ amended complaint and is DENIED in all other respects.

For purposes of the present case, the question of whether a declaratory judgment for future liability may be obtained is largely academic. If defendants were found liable for the costs actually incurred to date, principles of collateral estoppel would be applicable to any future action to recover sums later expended on the same cleanup.