Anderson, J.
Dennis Driscoll sued Arbella Mutual Insurance Company when it declined coverage under an automobile insurance policy it had sold Driscoll. Plaintiff Driscoll appeals from an allowance of the Defendant Arbella’s motion for judgment on the pleadings. This is an expedited appeal filed pursuant to Rule 8A(a) of the Dist/Mun. Cts. R. A. D. A. Because we find that the Plaintiffs complaint alleges facts supporting a cause of action under G.L.c. 93A and G.L.c. 176D, we reverse.
1. Standard of review. In reviewing a decision to allow a defendant’s motion for judgment on the pleadings under Mass. R. Civ. R, Rule 12(c), this court must determine the legal sufficiency of the complaint, the identical task required of the motion judge. The question is the same as in a motion under Rule 12(b) (6): does the complaint state a claim upon which the court may grant relief? All well pleaded facts and all reasonable inferences drawn therefrom must be accepted as true. Minaya v. Massachusetts Credit Union Share Ins. Corp., 392 Mass. 904, 905 (1984). Exhibits appended to the complaint are part of the pleadings. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996).
2. Factual allegations and procedural background. On November 16, 1995, the Plaintiff was involved in a four car automobile accident. The Defendant provided the Plaintiffs motor vehicle coverage at the time. The Defendant determined that the Plaintiff was more than 50% liable for the accident and assessed a surcharge against him. The Plaintiff appealed that decision to the Board of Appeal on Motor Vehicle Liability Policies and Bonds. On April 18,1996, the Board found that the Plaintiff was not more than 50% at fault for the accident and ordered the Defendant to vacate the surcharge.
The Plaintiff then filed an action in Boston Municipal Court against the other motorists involved in the accident. On November 6,2001, a judgment was entered for the Plaintiff against one of the other motorists. The court found $12,000 in damages but the Plaintiff was awarded $6,976.52 because of his comparative negligence.
In the meantime, on October 9, 2001, the Plaintiffs counsel received a notice from the Massachusetts Insurers Insolvency Fund. The purpose of the notice was to inform the Plaintiff that the insurance company of the motorist who was later found liable in the tort action, Trust Insurance Company, had been declared insolvent. The notice also informed the Plaintiff that he was required to exhaust his rights under the uninsured motorist provisions of his own insurance policy as a condition to any recovery from the Fund. On October 12, 2001, the Plaintiff filed *4 an uninsured motorist claim with the Defendant. Upon receiving the courts November 6,2001 decision, the Plaintiff notified the Defendant of the judgment on November 7, 2001 and sought to collect under the uninsured motorist coverage. The Defendant refused to pay, taking the position that it was not bound by the court’s judgment because it had not participated in the trial.
On September 26, 2002, the Plaintiff sent a GJL.c. 93A demand letter to the Defendant. The Plaintiff then filed a complaint in the Boston Municipal Court, alleging that the Defendant’s refusal to pay the judgment constituted unfair or deceptive acts or practices in violation of G.L.c. 93A and G.L.c. 176D. The Defendant answered and then subsequently filed a motion for judgment on the pleadings. The trial court allowed the motion and the Plaintiff appealed.
3. Applicable law. The Plaintiff contends that the above allegations make out a claim for relief under G.L.c. 93A. C. 93A, §2 (a) states that “[ujnfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.” G.L.c. 176D, §3, relating to the insurance industry, prohibits “unfair or deceptive acts or practices in the business of insurance,” including in subsection (9)(f) the failure “to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.” The former statute incorporates the latter and therefore an insurer’s failure to effectuate prompt, fair, and equitable settlements of a claim in which “liability has become reasonably clear” is a violation of c. 93A, §2(a), entitling the injured party to relief under 93A, §9. Bobick v. U.S. Fidelity and Guar. Co., 439 Mass. 652, 658-9 (2003); Hopkins v. Liberty Mut. Ins. Co., 434 Mass. 556, 564 (2001). Deciding whether liability is “reasonably clear” at the time an insurance company denies a claim calls for the finder of fact to apply “an objective standard of inquiry into the facts and the applicable law.” Demeo v. State Farm Mut. Auto. Ins. Co., 38 Mass. App. Ct. 955, 956 (1995).
Under G.L.c. 175, §113L(1), insurers are required to provide coverage for their policyholders who are injured by owners or operators of uninsured motor vehicles. In addition, the statute requires the coverage to include an insured motor vehicle whose liability insurer has become insolvent. Two conditions must be met in order for an insured to become entitled to uninsured motorist benefits. First, “the insured [must be] legally entitled to recover damages for certain injuries from the owner or operator of a motor vehicle!,] and [second,] the motor vehicle responsible for the accident [must be] uninsured.” Massachusetts Insurers Insolvency Fund v. Safety Ins. Co., 439 Mass. 309, 313 (2003).
4. Legal sufficiency of the complaint. The issue the Plaintiff presents in his complaint is whether the Defendant committed an unfair or deceptive act in failing to pay the Plaintiff under the uninsured motorist provision in the Plaintiffs policy, based on the above statutory provisions and the facts at the time of the Plaintiff’s claim, including the judgment of liability recovered by the Plaintiff against one of the other motorists and the decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds. The Plaintiff’s complaint satisfies the two conditions of G.L.c. 175, §113L(1): he is legally entitled to recover damages from the motorist who was found liable in the November 7, 2001 judgment, and the motor vehicle involved became uninsured because of the insolvency of Trust Insurance Company.
The Defendant nevertheless contends that it was not bound by the decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds and the judgment of the Boston Municipal Court and had the right to reject Plaintiff’s claim because he was, to the Defendant’s thinking, the most negligent motorist. The Plaintiff, however, does not need to plead or establish the binding effect of these adjudications or the application of issue preclusion doctrine in order to present a valid cause of action under c. 93A. He must rather plead sufficient factual allega- *5 tíons showing that liability had become “reasonably clear” at the time the Plaintiff made his claim, thereby obligating the Defendant to settle promptly, fairly, and equitably. The Plaintiffs complaint squarely presents an issue for the finder of fact as to the reasonable clarity of liability.
Under the applicable law, the finder of fact must consider the two adjudications for the purpose of determining reasonable clarity. With respect to the Board’s decision, it has preclusive effect on the issue of whether the degree of the Plaintiffs responsibility for the accident would prevent him from recovering. See Almeida v. Travelers Ins. Co., 383 Mass. 226, 228-230 (1981). The Board decision does not address, however, the specific percentage of fault attributed to the Plaintiff or the liability of the other motorist but those issues were addressed in the Plaintiffs favor in the Boston Municipal Court case. The Defendant asserts it was not a party or represented in that trial,[1] but it is not clear how the Defendant would have been permitted any involvement because the case was tried prior to the insolvency of the negligent motorist’s insurer.
In any event, the allegations in Plaintiff’s complaint, if proven at trial, would permit a trier of fact to find that the Defendant engaged in unfair or deceptive acts or practices in denying the Plaintiff’s claim because liability had become “reasonably clear.” The motion judge erred in allowing the motion for judgment on the pleadings. We therefore reverse.

 The parties at oral argument both stated that Arbella was involved in the litigation at an earlier stage, settling claims against the Plaintiff brought by other motorists in the accident, but the complaint makes no allegation of the Defendanfs participation in the case.