John **CREEDEN**, Plaintiff,

v.

Perry **SANIEOFF**, Harold Simansky and Linda Simansky, Defendants.

Civil Action No. 07–11149–NMG.

United States District Court, D. Massachusetts.

May 15, 2009.

Paul J. Gillespie, Robert J. Gizmunt, Gillespie & Associates Lynnfield, MA, Ronald E. Harding Weston, Patrick, Willard & Redding, Boston, MA, for Defendants.

William E. O'Gara, Pannone Lopes & Devereaux LLC, Providence, RI, for Plaintiff.

## MEMORANDUM & ORDER

GORTON, District Judge.

This is a personal injury action within this Court's diversity jurisdiction. The plaintiff has sued the owners and the former owner of real property under theories of negligence and breach of the warranty of habitability. His claims arise out of injuries sustained by severe electric shock after he touched a metal bulkhead door. One of the defendants has moved for summary judgment.

### I. *Factual Background*

Plaintiff, John Creeden ("Creeden"), sustained personal injuries on April 15, 2005, when he touched an electrified metal door located on property in Brookline, Massachusetts ("the Property"), which was owned by the defendants Harold and Linda Simansky ("the Simanskys"). On that day Creeden was helping a tenant of the Property move out and was removing items from the basement. He was injured when he touched a metal bulkhead door that had apparently come into contact with electrical wires.

Creeden brought this claim against the Simanskys and defendant Perry Sanieoff ("Sanieoff"), the former owner of the Property. Although the complaint alleges that all of the defendants were owners of the Property at the time of the accident, Sanieoff had, in fact, sold the Property to the Simanskys in the fall of 2004.

As part of the purchase and sale agreement Sanieoff agreed to replace the bulkhead door and he purchased a new door at Home Depot. The new door was made of metal and opened from left to right whereas the replaced wooden door had opened from right to left. Sanieoff also hired a carpenter (whom he found at a Dunkin Donuts) to install the door and inspected the work himself when it was completed. The Simanskys also inspected the new door at the time they bought the Property and were satisfied with the job that Sanieoff had done.

Creeden brings this lawsuit against both Sanieoff and the Simanskys for negligence and breach of the warranty of habitability. Defendant Sanieoff has moved for summary judgment.

## II. *Procedural History*

Plaintiff filed his complaint against Sanieoff and the Simanskys on June 21, 2007, alleging negligence. On January 13, 2009, this Court allowed (over the defendants' objection) plaintiff's motion to amend his complaint to add a claim for breach of the warranty of habitability. Two days later, the defendant Sanieoff moved for summary judgment which is opposed.

On April 23, 2009, the case was referred to Magistrate Judge Leo T. Sorokin for Alternative Dispute Resolution. Because a decision on the pending motion for summary judgment will likely assist the parties in resolving this matter without a trial, the Court will address the motion for summary judgment forthwith.

## III. *Defendant Sanieoff's Motion for Summary Judgment*

### A. **Legal Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

### B. **Application**

■ Sanieoff has moved for summary judgment on the ground that, as a former owner of the Property, he owed Creeden no duty of care and therefore cannot be liable for negligence.

Massachusetts courts recognize the general principle that "[a] transfer of ownership of land does, in most cases, relieve the prior owner of liability for dangerous conditions existing on the land." *See Minaya v. Mass. Credit Union Share Ins. Corp.*, 392 Mass. 904, 906, 467 N.E.2d 874 (1984) (citing Restatement (Second) of Torts § 840A (1977)). The Restatement recognizes an exception to that rule when a seller conceals or fails to disclose a dangerous condition that 1) he knows of at the time of sale and 2) has reason to believe that the buyer will not discover. *See* Restatement (Second) of Torts § 353 (1965).

Here, the facts do not support a conclusion that Sanieoff can be liable for Creeden's injuries by virtue of his status as a former owner of the Property. There is no evidence that Sanieoff knew of the dan-

ger that the metal bulkhead door presented and, even if he did, the condition was in no way concealed from, or unknown to, the Simanskys, who inspected the door at the time of the closing. Consequently, Sanieoff cannot be liable on a theory of negligence by virtue of his status as a former owner of the Property. Plaintiff's claim for breach of the warranty of habitability must fail for the same reason. *See Bourque v. Town & Country Realty, LLC,* No. 0500966, 2007 WL 2045519, at *1 (Mass.Super. Ct. June 25, 2007) ("the implied warranty of habitability does not extend to past landowners").

Creeden does not dispute the argument that, as a former land owner, Sanieoff owed him no duty. Rather, he maintains that Sanieoff's duty arises from his assumption of a contractual obligation to replace the bulkhead door. Under Massachusetts law a person who assumes a duty under contract can be liable to

> third persons not parties to the contract who are foreseeably exposed to danger and injured as a result of its negligent failure to carry out that obligation.

*Parent v. Stone & Webster Eng'g Corp.,* 408 Mass. 108, 114, 556 N.E.2d 1009 (1990) (citation and internal quotation marks omitted). Here, according to Creeden, Sanieoff assumed an obligation to replace the bulkhead door in the purchase and sale agreement and his negligent performance of that contract caused foreseeable injury to Creeden.

Although Sanieoff may well have owed Creeden a duty by virtue of his contractual obligation, that is not the duty Creeden pled in his complaint. It is well established that to state a claim for negligence a plaintiff must plead facts that demonstrate a duty of care. *See Chiras v. Right One,* No. 2008138B, 2008 WL 2345797, at *1 (Mass.Super.Ct. May 27, 2008). A plaintiff cannot plead a duty

unsupported by the facts and then pursue a different theory as the case progresses, at least not without amending his complaint.

Creeden's complaint and amended complaint, while sparse on details, do identify a duty in that they assert that Sanieoff was the owner of the Property on which Creeden was injured. Creeden now maintains that Sanieoff's duty is, alternatively, based on his contractual obligation to repair the door. A duty arising from a contractual obligation cannot be inferred from the allegations in the amended complaint which make no mention of the purchase and sale agreement or Sanieoff's role in replacing the door.

Because Creeden cannot recover under the only theory of duty that he pled in his complaint, Sanieoff's motion for summary judgment will be allowed.

### ORDER

In accordance with the foregoing, the defendant Perry Sanieoff's motion for summary judgment (Docket No. 29) is **ALLOWED.**

**So ordered.**