Connolly, Thomas E., J.
The plaintiff, Carlos Albert Thompson (“Thompson”), brought this action for breach of contract, alleging that the defendant, Aroldis Chapman (“Chapman”), has refused to compensate him for monies due pursuant to a Personal Assistant Service Contract. The matter is before the court on Chapman’s Motion for Judgment on the Pleadings. For the reasons discussed below, Chapman’s Motion for Judgment on the Pleadings is ALLOWED.
BACKGROUND
On July 7, 2009, in Barcelona, Spain, Chapman, a Cuban national who had recently defected from Cuba,[1] entered into a “Personal Assistant Service Contract” with Thompson, a citizen of Massachusetts. The contract specified that Thompson would serve as Chapman’s “personal assistant” from July 7, 2009 until July 7, 2016 in exchange for “three percent (3%) of the income generated by the services rendered by (Chapman) to any professional team and from any marketing agreement the same 3% . . . [and] fifteen percent (15%) of the total of the bonus generated by said agreement.”
In January 2010, Chapman signed a professional baseball contract with the Cincinnati Reds. Thompson alleges that Chapman has refused to compensate him as required by the contract.
DISCUSSION
“The effect of a motion for judgment on the pleadings is ‘to challenge the legal sufficiency of the complaint.’ ” Minaya v. Massachusetts Credit Union Share Ins. Corp., 392 Mass. 904, 905 (1984), quoting Burlington v. District Attorney for the N. Dist., 381 Mass. 717, 717-18 (1980). A motion for judgment on the pleadings under Rule 12(c) is “actually a motion to dismiss . . . [that] argues that the complaint fails to state a claim upon which relief can be granted.” Jarosz v. Palmer, 436 Mass. 526, 529 (2002). In deciding a *601 12(c) motion, “all factual allegations pleaded by the nonmoving party must be accepted as true, and contravening assertions by the moving party are to be taken as false.” Welch v. Sudbury Youth Soccer Ass’n, 453 Mass. 352, 353 (2009).
Chapman argues that the contract is null and void under the Cuban Assets Control Regulations, 31 C.F.R. §515.101—31 C.F.R. §515.901 (2002). See generally Miranda v. Secretary of the Treasury, 766 F.2d 1 (1st Cir. 1985); Dean Witter Reynolds, Inc. v. Fernandez, 741 F.2d 355 (11th Cir 1984); Capital Cities/ABC, Inc. v. Brady, 740 F.Sup. 1007 (S.D.N.Y. 1990). The court agrees.
31 C.F.R. §515.201(b) prohibits the following transactions, unless authorized by the Secretary of the Treasury, involving property in which Cuba, or any national thereof, has “any interest of any nature whatsoever, direct or indirect; (1) All . . . transfers ... [of] any property ... by any person subject to the jurisdiction of the United States; and (2) All transfers outside the United States with regard to any property or property interest subject to the jurisdiction of the United States.” “Transfer” is defined as “any actual or purported act or transaction . . . the purpose, intent, or effect of which is to create . . . any right ... or interest with respect to any property and . . . shall include the making, execution, or delivery of any . . . contract.” 31 C.F.R. §515.310. “Property” is defined to include “contracts of any nature whatsoever, [and] services.” 31 C.F.R. §515.311. Finally, 31 C.F.R. §515.203(a) states that “(a]ny transfer . . . which is in violation of any provision of this part. . . and involves any property in which a designated national has or has had an interest... is null and void and shall not be the basis for the assertion or recognition of any interest in or right, remedy, power or privilege with respect to such property.”
Because Chapman was a Cuban national at the time the contract was entered into and because Thompson was not authorized by the Secretary of the Treasury to enter into a contract with Chapman, the contract is null and void pursuant to the Cuban Assets Control Regulations.
ORDER
For the reasons discussed above, it is hereby ORDERED that Defendant’s Motion for Judgment on the Pleadings is ALLOWED and judgment shall enter for the Defendant, Aroldis Chapman.

The contract identifies Chapman as a “bearer of Cuban passport number 0928649.”